## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## SOUTHERN PLASMA CORPORATION, Respondent.

### No. 79–2970.

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, L. Joseph Ferrara, N.L.R.B., Washington, D.C., for petitioner.

Huey, Camper & Guilday, Thomas J. Guilday, Tallahassee, Fla., for respondent.

Before KRAVITCH, HENDERSON and REAVLEY, Circuit Judges.

### ON PETITION FOR REHEARING

PER CURIAM:

The petitioner, the National Labor Relations Board requests that we reexamine the propriety of the following language appearing in the panel opinion:

> The ALJ treated as a separate violation of §§ 8(a)(1)·and 8(a)(3) Gurley's refusing to rehire Huguley in November of 1977, after the business reopened. At the outset, we must conclude that the ALJ's decision is at least partially incorrect as a matter of law insofar as it finds that Gurley's refusal to rehire Huguley violated § 8(a)(1). That section prohibits an employer's interference with, or restraint or coercion of, *employees'* § 7 rights, the right to engage in 'concerted activities for the purpose of collective bargaining or other mutual aid or protection.' Because, obviously, Huguley was no longer an *employee* when he reapplied, he is not protected by § 8(a)(1).

626 F.2d 1287, 1295 (5th Cir. 1980). We acknowledge our error in concluding that Huguley was not an "employee" for purposes of § 8(a)(1) protection at the time of his reapplication. *See* 29 U.S.C.A. § 152(3); *N.L.R.B. v. Foodway of El Paso,* 496 F.2d 117 (5th Cir. 1974); *N.L.R.B. v. AcClang, Inc.,* 466 F.2d 558 (5th Cir. 1972); *Bob's Casing Crews, Inc. v. N.L.R.B.,* 458 F.2d 1301 (5th Cir. 1972). To avoid further confusion, we delete and expunge from the opinion the aforementioned language. However, the result of the Board's petition for enforcement remaining the same, we modify our opinion in this respect only and DENY the petition for rehearing.

REHEARING DENIED.